UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES FOR THE MICHIGAN
CARPENTERS' COUNCIL PENSION FUND,
et al.,

   Plaintiffs,

v

R.D. PRIME GENERAL CONTRACTOR, INC.,

   Defendant.
_____/

Case No. 4:05-cv-112

Hon. Wendell A. Miles

ORDER OF CIVIL CONTEMPT

   On January 10, 2006, the court entered a default judgment against defendant R.D. Prime General Contractor, Inc. ("R.D. Prime") which included a provision requiring R.D. Prime to, among other things, immediately submit to plaintiffs its books and payroll records for a payroll audit, which would allow plaintiffs to determine whether any fringe benefit contributions are due to plaintiffs for work performed by R.D. Prime employees.  Court records indicate that the plaintiffs served a copy of the judgment on R.D. Prime by mail on January 12, 2006.  On February 25, 2008, plaintiff filed their Motion for Contempt Finding Directed at Defendant and Ronald D. Prime (doc. no. 12), seeking an order finding defendant R.D. Prime and its owner, Ronald D. Prime, in contempt for failing to comply with the default judgment, in particular, for failing and refusing to submit its books and payroll records for a payroll audit.  Plaintiffs also requested that the court award them their attorney fees and costs incurred in seeking enforcement of the default judgment.

On February 26, 2008, the court entered an Order to Show Cause directing defendant R.D. Prime and its owner, Ronald D. Prime, to show cause in writing on or before March 28, 2008, (1) why R.D. Prime has failed to comply with the terms of the default judgment; and (2) why all other relief requested in plaintiffs' motion should not be granted. The court's Order to Show Cause also expressly provided that the failure of R.D. Prime and Ronald D. Prime to show cause as required therein would result in their being held in civil contempt and the award of any and all relief sought by plaintiffs. Court records indicate that the plaintiffs served a copy of the Order to Show Cause on R.D. Prime and Ronald D. Prime by mail on February 26, 2008.

To date, R.D. Prime and Ronald D. Prime have not shown cause in writing to the court why they should not be held in contempt or why plaintiffs should not be granted relief on their motion.

After reading the motion and brief of plaintiffs, and considering the failure to R.D. Prime to make any response thereto, and the failure of both R.D. Prime and Ronald D. Prime to make any response to the court's Order to Show Cause, it appears to the court that R.D. Prime and Ronald D. Prime are guilty of civil contempt for noncompliance with the default judgment entered by this court.

Therefore, IT IS HEREBY ORDERED that:

1. R.D. Prime and Ronald D. Prime be, and hereby are, adjudged in civil contempt of court for noncompliance with the default judgment of this court entered on January 10, 2006 commanding that R.D. Prime "shall immediately submit to the Plaintiffs its books and payroll records for a payroll audit for the time period including January 1, 2001 to date, including all records that will allow Plaintiffs to determine whether any fringe benefit contributions are due to

the Funds for work performed by Defendant's employees."

2.  **A hearing shall be held before the court on Thursday, June 5, 2008, at 2:30 p.m., at 236 Federal Building, 110 Michigan N.W., Grand Rapids, Michigan,** for the purpose of determining the specific relief to be granted to the plaintiffs, which may include the following: any special damages resulting from the contumacious acts or inaction by R.D. Prime and Ronald D. Prime; any costs and expenses incurred by plaintiffs relating to the contempt proceeding, including attorney's fees; and other appropriate relief.  At that time, the court may also consider whether to impose coercive confinement or fines as a means of compelling R.D. Prime and Ronald D. Prime to comply with the terms of the default judgment in order to purge themselves of contempt.

3.  Plaintiffs shall cause this Order of Civil Contempt to be served personally on R.D. Prime and Ronald D. Prime by not later than **Thursday, May 29, 2008**.   Plaintiffs shall also file proof of said service with the court before the date of the hearing.

Entered this 15th day of May, 2008.

 /s/ Wendell A. Miles
Wendell A. Miles, Senior Judge